IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM HAIGHT, | No. 3:20-CV-00788 |
| Petitioner, | (Judge Brann) |
| v. | (Magistrate Judge Mehalchick) |
| LAUREL HARRY, *et al.*, | |
| Respondents. | |

## ORDER

**FEBRUARY 26, 2021**

Plaintiff filed the instant action on May 14, 2020, and it was jointly assigned to the undersigned and to a magistrate judge. Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations."[1] Once filed, this report and recommendation is disseminated to the parties in the case who then have the opportunity to file written objections.[2]

On January 4, 2021 Chief Magistrate Judge Karoline Mehalchick, to whom this matter is jointly assigned, issued a thorough report and recommendation recommending that Petitioner's motion to strike and dismiss be granted and the petition be deemed withdrawn, so as to not expose Petitioner Haight to the procedural bars of the Antiterrorism Effective Death Penalty Act, and so Petitioner

---

[1] 28 U.S.C. 636(b)(1)(B).
[2] 28 U.S.C. 636(b)(1).

may "marshal in one § 2254 petition all of the arguments [he] ha[s] to collaterally attack [his] convictions."[3]

Petitioner filed objections to the report and recommendation on January 13, 2021. When objections are timely filed, the District Court must conduct a de novo review of those portions of the report to which objections are made.[4] Although the standard of review for objections is de novo, the extent of review lies within the discretion of the District Court, and the Court may otherwise rely on the recommendations of the magistrate judge to the extent that it deems proper.[5] For portions of the report and recommendation to which no objection is made, the Court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[6] Regardless of whether timely objections are made by a party, the District Court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[7]

Because I write solely for the parties, I will not restate the facts, but will instead adopt the recitation of facts as set forth by the magistrate judge. I have

---

[3] Doc. 11 at 2 n. 1.
[4] 28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir.2011).
[5] *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing United States v. Raddatz*, 447 U.S. 667, 676 (1980)).
[6] Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa.2010) (*citing Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir.1987) (explaining that judges should give some review to every report and recommendation)).
[7] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

conducted a de novo review here and found no error. Petitioner's objection is unclear, and I find that avoiding the possibility of AEDPA procedural preclusion is the correct result, as Chief Magistrate Judge Mehalchick concluded.

**AND NOW, IT IS HEREBY ORDERED** that:

1. Chief Magistrate Judge Mehalchick's Report and Recommendation (Doc. 11) is **ADOPTED in full**.

2. The motion to strike and dismiss is **GRANTED**.

3. The Clerk of Court is directed to **CLOSE** the case file.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge